IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **LISA KLEINSCHMIT,** | Civil No.09-6001-AA |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **MICHAEL J. ASTRUE,**<br>Commissioner of Social Security, | |
| Defendant. | |

RICHARD F. MCGINTY
McGinty & Belcher
P.O. Box 12806
Salem, OR 97301
    Attorney for Plaintiff

DWIGHT C. HOLTON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

1      - OPINION AND ORDER

LISA GOLDOFTAS
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
    Attorneys for Defendant

AIKEN, District Judge:

Plaintiff Lisa Kleinschmit ("Kleinschmit") seeks judicial review of the Social Security Commissioner's decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision is REVERSED and REMANDED for the immediate calculation and award of benefits consistent with this Opinion and Order.

## BACKGROUND

Kleinschmit applied for SSI on March 26, 2001, alleging disability due to multiple epiphyseal dysplasia, which is a congenital joint deformity. Tr. 70-73. The Commissioner denied this application initially and upon reconsideration, and a hearing was held before an Administrative Law Judge ("ALJ") on October 17, 2003. Tr. 207-228. The ALJ found Kleinschmit not disabled on December 12, 2003. Tr. 16-21. The Appeals Council accepted additional evidence into the record, but denied review of the ALJ's decision on May 24, 2005. Tr. 5-9. Kleinschmit subsequently appealed to this court.

On March 19, 2008, this court ordered the ALJ to credit the testimony of two treating physicians, reassess Kleinschmit's RFC, and obtain relevant testimony from a vocational expert. Tr. 337. A second hearing was held before a different ALJ on October 19, 2008 (Tr. 456-93), and the ALJ again found Kleinschmit not disabled on October 24, 2008. Tr. 303-315. The Appeals

2    - OPINION AND ORDER

Council declined jurisdiction of the matter. Tr. 318. Kleinschmit again appeals to this court.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. § 416.909; 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. *Id.*

At step three, the ALJ determines whether the severe impairment meets or equals an impairment "listed" in the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is determined to equal a listed impairment, the claimant is disabled.

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 416.920(e) Social Security Ruling ("SSR") 96-8p (available at 1996 WL 374184).

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can perform her past relevant work, she is not disabled. If the ALJ finds that the claimant's RFC precludes performance of her past relevant work, or that the claimant has no past relevant work, the ALJ proceeds to step five.

3       - OPINION AND ORDER

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. *Yuckert*, 482 U.S. at 142; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 416.920(a)(4)(v); 416.920(f). If the claimant cannot perform such work, she is disabled. *Id.*

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. § 416.920(g).

The Commissioner's deviation from a district court's remand order is reversible error. *Sullivan v. Hudson*, 490 U.S. 877, 885-886 (1989).

## THE ALJ'S FINDINGS

The ALJ's October 2008 decision found Kleinschmit's right hip epiphyseal dysplasia, chronic left hip muscle strain, and congenital left elbow deformity severe. Tr. 309. The ALJ found Kleinschmit's right knee pain non-severe. *Id.* The ALJ found that these impairments did not meet or equal a listed impairment, and found that Kleinschmit retained the RFC to perform no more than unskilled and low semi-skilled sedentary work with "occasional postural nonexertional limitations." Tr. 311. The ALJ found that this RFC allowed Kleinschmit to perform work in the national economy at step five and therefore found Kleinschmit not disabled. Tr. 314.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42

U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

On March 19, 2008, this court credited the opinions of treating physician Dr. Aiona and reviewing physician Dr. Kherli. Tr. 337. This court ordered, "On remand, the ALJ is ordered, in light of the credited evidence, to reassess Ms. Kleinschmit's RFC and proceed to step five with the assistance of a [vocational expert]." *Id.*

The ALJ did not adhere to this court's order. The ALJ cited the remand order, and characterized it as instructions "remanding the case for further administrative proceedings; examine new evidence and resolve substantive issues identified in the transcript." Tr. 306. The ALJ entirely failed to note, much less comply with, this court's order that the Commissioner credit the testimony of Drs. Aiona and Kherli, reassess Kleinschmit's RFC in light of the credited testimony, and obtain

5    - OPINION AND ORDER

testimony from the vocational expert addressing Kleinschmit's reassessed RFC. The ALJ instead rejected the opinion of Dr. Aiona (Tr. 312), did not discuss Dr. Kherli's opinion, and proceeded to assess Kleinschmit's RFC and obtain testimony from the vocational expert without reference to the credited testimony. Accordingly, the Commissioner's deviation from a district court's remand order is reversible error. *Sullivan*, 490 U.S. 877, 885-886 (1989).

Further, the ALJ's omissions create exactly the scenario the credit-as-true rule functions to prevent. The credit-as-true-rule exists to expedite disability determinations upon remand. *Hammock v. Bowen*, 879 F.2d 498, 504 (9th Cir. 1989) (crediting testimony and remanding for further proceedings for vocational expert testimony only). The ALJ's disregard of both the credited testimony and this court's order to consider it in her RFC assessment forced Kleinschmit to wait an additional twenty months between the ALJ's October 24, 2008, decision and the present proceedings before this court. This additional delay is contrary to the intent of the court's March 19, 2008, application of the credit-as-true-rule and is unacceptable.

Kleinschmit also asserts that the ALJ's October 24, 2008, decision made further errors regarding her credibility, the ALJ's evaluation of other evidence, and the ALJ's use of the medical-vocational guidelines at step five in the sequential proceedings. The Commissioner disputes these allegations. Because application of the credit-as-true rule to the previously credited testimony now establishes disability, as discussed below, plaintiff's additional arguments will not be addressed.

## REMAND

The ALJ failed to comply with this court's remand order crediting the testimony of Drs. Aiona and Kherli. The ALJ's findings that Kleinschmit was not disabled is not based upon the record or the correct legal standards. The court once again applies the "crediting as true" doctrine

6    - OPINION AND ORDER

to this case.

Under the "crediting as true" doctrine, evidence should be credited and an immediate award of benefits directed where: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen,* 80 F.3d at 1292). In such circumstances the reviewing court must credit the improperly rejected evidence. *Vasquez v. Astrue,* 547 F.3d 1101, 1106-07 (9th Cir. 2008) (*en banc review denied,* 572 F.3d 586 (9th Cir. 2009)).

Here, the ALJ failed to apply the correct legal standards regarding the previously credited evidence, the opinions of Drs. Aiona and Kherli. The evidence remains credited, and the court discusses the effect of the credited testimony and medical opinions under the second and third prongs of the *Harman* analysis.

In determining whether to award benefits or remand the matter for further proceedings the court must determine whether "outstanding issues remain in the record" under the second *Harman* prong. *Harman,* 211 F.3d at 1178. Following this court's first remand order, the Commissioner had a second opportunity to develop the record, and the Commissioner does not assert that the record requires further development. The court finds the record sufficiently developed. Therefore, the court must determine whether the record clearly requires award of benefits after the improperly rejected evidence is credited. *Harman,* 211 F.3d at 1178.

Treating physician Dr. Aiona stated on April 28, 2002, that Kleinschmit requires a cane depending upon her symptoms, may occasionally lift no more than five to ten pounds, can walk or

7   - OPINION AND ORDER

stand four hours in an eight hour day, and may sit eight hours. Tr. 181. On July 10, 2003, Dr. Aiona stated that Kleinschmit required workplace breaks "more often" than the usual fifteen minute morning and afternoon periods and also required a one-hour midday break. Tr. 196. While Dr. Kehrli did not explicitly indicate that Kleinschmit required special workplace breaks, he based his opinion upon Dr. Aiona's opinion and thus incorporated Dr. Aiona's opinion by reference. Tr. 187 (citing Tr. 188).

The vocational expert at Kleinschmit's August 19, 2008, hearing stated that an individual requiring more than the usual fifteen minute morning and afternoon break periods would be unable to perform work existing in the national economy. Tr. 492.

Crediting the testimony of Drs. Aiona and Kherli as true therefore establishes that Kleinschmit cannot perform work in the national economy at step five in the Commissioner's sequential analysis. Consequently, Kleinschmit is disabled under the Commissioner's regulations.

### ORDER

For these reasons, this Court REVERSES the Commissioner's decision and REMANDS this matter pursuant to sentence four of 42 U.S.C. § 405(g) for calculation and award of benefits consistent with this opinion.

IT IS SO ORDERED.

Dated this 9 day of June, 2010.

*Ann Aiken*
United States District Judge